PANTAZE v. McDILL et al.    (No. 9428.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 26, 1921.)

Frauds, statute of ⚮63(2)—Verbal assignment of interest in oil lease unenforceable.

A verbal assignment of an interest in an oil lease is unenforceable by reason of Vernon's Sayles' Ann. Civ. St. 1914, art. 3965.

Appeal from District Court, Wichita County; Edgar Scurry, Judge.

Action by J. D. Pantaze against R. H. McDill and others. Judgment for defendants, and plaintiff appeals. Affirmed.

E. G. Senter, of Ft. Worth, for appellant.

Carrigan, Montgomery, Britain & Morgan, W. J. Townsend, and E. W. Napier, all of Wichita Falls, for appellees.

CONNER, C. J. Appellant Pantaze, plaintiff below, by his third amended original petition alleged that—

"On or about the 30th day of January, 1919, defendant Woodman Oil Company was the equitable owner of a certain oil and gas lease covering about 40 acres of land situate in Wichita county, Tex., in the northeast corner of block 87, known and·described as Red River Valley lands, and also covering about 160 acres of land in blocks 96, 97 and 98 of said Red River Valley lands, situate in Wichita county, Tex.; that at said time the legal title to said oil and gas lease .was vested in defendant Godley Oil & Gas Company, which held the same. in trust for the use and benefit of said Woodman Oil Company; that on or about said date above named, defendant Woodman Oil Company, acting by and through its managing

trustee, and authorized agent, said R. H. Mc-Dill, by verbal agreement made by and between said McDill and plaintiff, sold, assigned, and transferred to plaintiff an undivided one-half interest in and to that part of said oil and gas lease so owned by it."

Here follows a description of the land involved in the controversy.

The plaintiff further alleged that—

"Said sale and transfer of said undivided one-half interest in all of its rights in and to said oil and gas lease covering said above-described lands, made as aforesaid by said Woodman Oil Company to plaintiff, was made in consideration of valuable services rendered and to be rendered by plaintiff to said defendant, and that plaintiff did render and perform all of the services thus agreed upon."

Here follows the character of services relied upon and the manner of their performance, which we also omit as unnecessary to our conclusion.

It was further alleged, in substance, that the defendants, R. H. McDill and the Woodman Oil Company, conspiring with the Godley Oil Company, had caused transfers of the land covered by the oil lease to other parties having notice of plaintiff's rights; such subsequent purchasers being made also defendants.

The defendants pleaded a general denial and the statute of frauds, and upon the conclusion of the testimony the court gave a peremptory instruction to the jury to find for the defendants, and verdict and judgment in accordance with such instruction was later returned and entered, and therefrom this appeal has been perfected.

Appellant presents but a single assignment of error, which, with its accompanying proposition, we copy:

"The court erred in instructing the jury to return a verdict for the defendants, as shown by plaintiff's bill of exception No. 1."

"A verbal transfer of an undivided one-half interest in an oil and gas lease is enforceable."

And in the argument presented in behalf of appellant, the following statement is made:

"This appeal rests upon a single question of law.

"Is a verbal assignment of an interest in an oil lease nonenforceable by reason of the statute of frauds?

"If that question shall be answered in the affirmative, the judgment of the lower court will be affirmed; if negatively, it will be reversed.

"The testimony in support of plaintiff's contention will take the case to the jury to decide the issue as to whether or not there was an oral agreement, unless he is precluded by the statute of frauds."

Our statute of frauds, V. S. Tex. Civ. Stats. art. 3965, so far as pertinent, provides that—

"No action shall be brought in any of the courts in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized: * * *

"(4) Upon any contract for the sale of real estate or the lease thereof for a longer term than one year."

And we think there can be no doubt, under the plaintiff's allegations and under the presentation of the case as made here, that the ruling of the court was correct, and we have taken the pains to quote from the plaintiff's petition and to quote his assignment of error and proposition thereunder and other statements so that it may plainly appear that we do not have before us for determination the question presented in appellant's behalf by a reply brief or argument to the effect that the plaintiff's evidence raised the question of whether the verbal agreement was a contract for the joint acquisition of lands instead of a contract for the sale of lands, as alleged. The testimony of appellant of the oral agreement made with the defendants McDill and the Woodman Oil Company may possibly suggest the theory indicated; but, as stated, we do not think the question is before us, and, inasmuch as there is no pretense that appellant's agreement was in writing, we conclude that the judgment must be affirmed.

Judgment affirmed.